Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

**FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT**
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.   Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

LARRY D. CUSACK

-vs-

**B.   Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. DANIEL MALONEY
2. STEVEN LANIER
3. RONALD GETTELFINGER
4. RENAYR SIMMONS
5. IRENA FORAY
6. 

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.

A. Basis of Jurisdiction in Federal Court: FEDERAL QUESTION
42 U.S.C 2000e to 2000e 17  12112  12117

State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.

B. Reason for Venue in the Western District: Monroe County  28 U.S.C. 139(b)
29 U.S.C. 1132(e)(2)

Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.

C. Nature of Suit: Employment Discrimination Civil Rights Wrongful Termination Harassment Retaliation

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION**  NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: LARRY D COSACK
Present Address: 88 Constance Way West
Rochester, NY 14612

Name of Second Plaintiff: _____
Present Address: _____

**DEFENDANT'S INFORMATION**  NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: DANIEL MALONEY — United Auto Workers
Official Position of Defendant (if relevant): PRESIDENT
Address of Defendant: 221 Dewey Ave.
Rochester, NY 14608

Name of Second Defendant: STEVEN LANIER — UAW official
Official Position of Defendant (if relevant): UAW - official
Address of Defendant: 221 Dewey Ave.
Rochester, NY 14608

Name of Third Defendant: Ronald Gettelfinger
Official Position of Defendant (if relevant): PRESIDENT
Address of Defendant: 8000 East Jefferson
Detroit, MI 48214

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
    Yes ✓   No ___

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:
    Plaintiff(s): LARRY D. CUSACK

Defendant(s): United Delphi Corp RENAYA Simmons - Law office
TREVA PORAY - Law official 221 Drewry Ave. Rochester NY 14608

2. Court (if federal court, name the district; if state court, name the county): Western District Monroe County

3. Docket or Index Number: 09 - CV - 6139

4. Name of Judge to whom case was assigned: DAVID G. LARIMER

5. The approximate date the action was filed: 03-20-09

6. What was the disposition of the case?

   Is it still pending? Yes ✓ No ___

   If not, give the approximate date it was resolved. _____

   Disposition (check those statements which apply):

   ___ Dismissed (check the statement which indicates why it was dismissed):

   ___ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

   ___ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

   ___ By court due to your voluntary withdrawal of claim;

   ___ Judgment upon motion or after trial entered for

   ___ plaintiff
   ___ defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (date of the incident) 9-8-06 Sex Harassment   08-11-08 Employment Discrimination
defendant (give the **name and (if relevant) the position held** of **each defendant** involved in this incident) Steven Lanier failed to fill out Grievance
Edward Pratt Alteres Grievance

3

did the following to me (briefly state what each defendant named above did): RENAYE SIMMONS failed to investigate Discrimination Sex Harassment Daniel Maloney President violated Union Procedures Policy.

The federal basis for this claim is: Federal Question Civil Rights Employment 42 U.S.C. 2000e-5 Title VII Action

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes: Reinstatement of Employment Punitive Damage Legal Fee Any Appropriate Damages Court Deem Necessary

**B. SECOND CLAIM:** On (date of the incident) 08-11-08 Employment Discrimination defendant (give the name and (if relevant) position held of each defendant involved in this incident) Steven Lanier, Daniel Maloney, Renaye Simmons, Ronald Gettelfinger, Trevor Pory violates Discrimination Presidents UAW officials
did the following to me (briefly state what each defendant named above did): Employment Discrimination Sex Harassment, Due Process of Grievances.

The federal basis for this claim is: Civil Rights Employment 42 U.S.C. 2000e-5 Title VII Action

State briefly **exactly** what you want the Court to do for you. Make no legal arguments and cite no cases or statutes: Reinstatement of Employment, Punitive Damage Pain & Suffer Legal Fee Any Appropriate Damage Court Deems Necessary

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4


## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Plaintiff request reinstatement of employment general and compensatory legal pain and suffering any other damage Court Deems Necessary to make whole.

Do you want a **jury trial**? Yes ✓  No____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____
            (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

*[signed] Jerry Cusack*

Signature(s) of Plaintiff(s)

| EEOC Form 161 (2/08) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | |
|---|---|---|
| | **DISMISSAL AND NOTICE OF RIGHTS** | 09 CV 6673 |

| To: | Larry D. Cusack<br>88 Constance Way West<br>Rochester, NY 14612 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2008-05520 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

10/1/09
*(Date Mailed)*

Enclosures(s)

cc: **UNITED AUTO WORKERS-UWA - LOCAL 109**
221 Dewey Avenue
Rochester, NY 14608
Attn: Human Resource Director

# DELPHI

☐ Delphi HQ           ☐ Interior System
☐ Energy & Chassis Systems  ☐ Packard Electric
☐ Harrison Thermal    ☐ Saginaw Steering

**EMPLOYEE GRIEVANCE FORM**

| DATE RECEIVED | TIME | ☐ A.M. ☐ P.M. | PRESENTED ☐ VERBAL ☐ IN WRITING | NUMBER 64303 |
|---|---|---|---|---|
| 10-20-06 | | ☐ DAY ☐ AFT. ☐ MID. | SOCIAL SECURITY NO. | BADGE / CLOCK NO. |

CLASSIFICATION: O/C
DEPT/SHIFT:

NAME: LARRY CUSACK

GRIEVANCE / CONCERN:
I protest mgt suspending me for allegedly being disruptive. I demand mgt remove this suspension and I be made whole for lost pay. (ADDED TO GRIEVANCE is Sexual Misconduct & failure to perform duty) (2) More grievances to be written for employee (Larry Cusack)

EMPLOYEE SIGNATURE: Larry Cusack    DATE: 10-20-06    SUPERVISOR'S SIGNATURE: [signature]    DATE: 10-20-06    COMMITTEE PERSON SIGNATURE: Bill Ostapuk  DATE: 10-20-06

DISPOSITION BY SUPERVISOR:
I, LARRY CUSACK DID NOT GIVE PERMISSION TO MR. EDWARD R. PEET, Delphi PERSONNEL DIRECTOR to ALTER OR CHANGE MY GRIEVANCE.

SUPERVISOR'S SIGNATURE    DATE    ACTION ☐ SATISFACTORY ☐ UNSATISFACTORY    REFERRED    DATE    RIDER TO FOLLOW ☐ YES ☐ NO

DISPOSITION BY HIGHER SUPERVISOR:

HIGHER SUPERVISOR'S SIGNATURE    DATE    ACTION ☐ SATISFACTORY ☐ UNSATISFACTORY    REFERRED

DISPOSITION BY SHOP COMMITTEE PERSON:

COMMITTEE PERSON SIGNATURE    DATE    ACTION ☐ SATISFACTORY ☐ UNSATISFACTORY    REFERRED

DISPOSITION BY MANAGEMENT:

MANAGEMENT SIGNATURE    DATE    GRIEVANCE HAS BEEN: ☐ SATISFACTORILY SETTLED ☐ TURNED IN ☐ REFERRED BACK    ☐ EXTENDED ☐ WITHDRAWN ☐ APPEALED

DAS0006 0103

EEOC Form 161 (2/08) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Larry D. Cusack
88 Constance Way West
Rochester, NY 14612

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2008-05520 | Holly M. Woodyard, Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

10/1/09
(Date Mailed)

Enclosures(s)

cc: **UNITED AUTO WORKERS-UWA - LOCAL 109**
**221 Dewey Avenue**
**Rochester, NY 14608**
**Attn: Human Resource Director**

### 3. Employer Liability

Employers and employees each have an essential role in preventing race harassment. When employers and employees both take appropriate steps to prevent and correct harassment, offensive conduct generally will be corrected before escalating to the point of violating Title VII.

#### Conduct of Supervisors

The rules for liability differ depending on whether the harasser is a supervisor. An individual qualifies as an employee's supervisor if the individual has authority to undertake or recommend tangible employment decisions affecting the employee, or the individual has authority to direct the employee's daily work activities.[138] As a general rule, employers are responsible for the behavior of their supervisors because employers act through their supervisors.

Thus, any time discrimination by a supervisor results in the victim suffering a tangible employment action, such as being fired (or quitting in response to intolerable harassment accompanied by an official company act),[139] demoted, not promoted, or docked in pay, the employer is automatically liable, and there are no defenses available to the employer. For example, if a supervisor has a racially motivated grudge against an employee and acts on it by denying the employee a raise otherwise deserved under the employer's pay system, the employer would be automatically liable and no defense would be available.

generally do not create an abusive working environment.[127] But a single, extremely serious incident of harassment may be sufficient to constitute a Title VII violation, especially if the harassment is physical.[128] Examples of the types of single incidents that can create a hostile work environment based on race include: an actual or depicted noose or burning cross (or any other manifestation of an actual or threatened racially motivated physical assault)[129], a favorable reference to the Ku Klux Klan, an unambiguous racial epithet such as the "N-word,"[130] and a racial comparison to an animal.[131] Racial comments or other acts that are not sufficiently severe standing alone may become actionable when repeated, although there is no threshold magic number of harassing incidents giving rise to liability.[132] Moreover, investigators must be sensitive to the possibility that comments, acts, or symbols that might seem benign to persons of the harasser's race could nevertheless create a hostile work environment for a reasonable person in the victim's position.[133]

*PRESIDENT*

The U.S. Equal Employment Opportunity Commission

**PRESS RELEASE**
5-20-09

# DELPHI CORPORATION AGREES TO SETTLE EEOC LAWSUIT OVER PROHIBITED MEDICAL INQUIRIES

### Sick Leave Policy Violated ADA, Agency Charged

NEW YORK — Delphi Corporation, one of the world's largest suppliers of automotive parts, will pay $80,000 and agree to injunctive relief to settle a disability discrimination lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC), the agency announced today. The EEOC had charged that the company violated federal law by subjecting employees to unlawful inquiries into their medical conditions and retaliating against those who objected to the inquiries.

In its lawsuit, the EEOC said that Delphi violated the Americans With Disabilities Act (ADA) because it required workers returning from sick leave to sign releases permitting company representatives to access their medical information. In the case of an employee at Delphi's Rochester-based facility, the EEOC said, his protest of Delphi's policy resulted in his immediate dismissal.

The consent decree resolving the case, submitted for approval to U.S. District Judge Michael A. Telesca, provides $80,000 to the dismissed employee and injunctive relief, including changes in Delphi's sick leave policy, training, and monitoring.

The lawsuit was filed in U.S. District Court for the Western District of New York on September 28, 2007 (Civil Action No. 07 CV 6430), after the agency investigated, found that discrimination had occurred, and first attempted to reach a voluntary settlement.

"The EEOC hopes this settlement encourages employers to review their sick leave policies to ensure that they do not violate the ADA's prohibitions on medical inquiries and examinations," said Spencer Lewis, director of the EEOC's New York District Office. "These provisions are intended to protect all employees from discrimination based on disability or perceived disability."

Margaret A. Malloy, the EEOC trial attorney assigned to the case, added, "The EEOC will continue to seek full relief from employers whose policies violate the ADA."

According to company information, Troy, Mich.-based Delphi has approximately 133,000 employees and operates 138 wholly owned manufacturing sites in 34 countries with sales of $18.1 billion in 2008.

The EEOC enforces federal laws prohibiting employment discrimination. Further information about the EEOC is available on its web site at www.eeoc.gov.

This page was last modified on May 20, 2009.

 Return to Home Page



**DELPHI**              Powertrain Systems

August 20, 2008

<u>Via Certified Mail</u>

Larry Cusack
88 Constance Way West
Rochester, NY 14612

Dear Mr. Cusack:

As you know, in March 2008, Dr. R. P. Singh issued an Independent Psychological Evaluation (IPE). The IPE indicated that you could return to work provided you met certain conditions, including: (1) that you resume seeing a therapist, and (2) that you provide that therapist with access to your psychiatric history. Since that time, Delphi has been prepared to return you to work in accordance with Dr. Singh's requirements.

On June 11, 2008 you wrote a letter to me stating that you intended to return to work. On June 23, 2008, I responded, letting you know that we were happy to hear of your desire to return, and setting up a return to work appointment with Plant Medical Director Dr. Anthony Alaimo on July 18, 2008. I reminded you to bring proof that you had satisfied the conditions required by Dr. Singh.

You showed up for the July 18, 2008 meeting, but did not provide Dr. Alaimo with any evidence showing compliance with Dr. Singh's requirements. Rather than separate your employment at that time, we decided to give you another chance to comply, and I set up another appointment with Dr. Alaimo for August 11, 2008. I again reminded you that you needed to bring documentation to verify your compliance with Dr. Singh's recommendations.

You wrote a confusing letter to me on August 5, 2008, implying that you still did not intend to comply with Dr. Singh's requirements. I understand that Delphi's legal counsel wrote to you on August 8, 2008 to make very clear what was expected of you at the August 11, 2008 appointment.

Despite the fact that Delphi has been willing and prepared to bring you back to work for more than five months, and despite the fact that we have given you several chances to comply with Dr. Singh's simple requirements by providing some proof that you were being treated by a therapist and that the therapist had access to your psychiatric history, you nevertheless showed up to the August 11, 2008 appointment without any such documentation. And I understand that in subsequent conversations with Dr. Alaimo, you have indicated that you have no intention of providing such documentation.

Regrettably, while Delphi has been fully prepared to return you to work, you have made it clear that you have no intention of complying with Dr. Singh's simple, reasonable requirements for that return. Accordingly, because you are no longer on an approved leave of absence, we are considering you to have abandoned your job. In addition, you have failed to comply with Paragraph 43b of the National Agreement. Your employment has therefore been separated effective August 11, 2008.

Sincerely,

*Edward R. Peet*
Edward R. Peet
Personnel Director

# DELPHI
## SHIFT PREFERENCE REQUEST

NAME: LARRY CUSACK

S.S.# 062506984

SENIORITY DATE 12-08-97

DEPARTMENT 13675  CLOCK 25652  SHIFT 2

PRESENT CLASS. 1C

I HEREBY APPLY TO TRANSFER TO THE 3 SHIFT, IN LINE WITH MY SENIORITY IN ACCORDANCE WITH THE SHIFT PREFERENCE AGREEMENT.

START TIME _____

DATE RECEIVED 9-8-06

EMPLOYEE'S SIGNATURE: Larry Cusack

PERSONNEL/SUPERVISOR'S SIGNATURE

WHITE COPY TO PERSONNEL
Code 94140099

CANARY TO EMPLOYEE

Date of Letter: 10/18/06

**YOU WERE EXAMINED ON:**

Exam Date: October 17, 2006

Exam Time: 11:15 AM

CISCO #: 55953-000

Claim Number: 430609118855

**Examining Physician:**
Austin Leve, MD Ortho
1501 East Avenue Suite 106
Rochester, NY 14610
(585) 244-4070

*KNEE Injury Report*

**Employee:**
Larry D. Cusack
88 Constance Way W.
Rochester, NY 14612

*On 9-8-06 Occurred At Work (Delphi) Employer*

☑ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the time of the above examination.

☐ The Impartial Medical Examiner, named above, indicated you were found to be unable to work at the time of the above examination. According to the most recent medical information received from your physician, you will be able to return to work on or before _____. Therefore, Sickness and Accident or Extended Disability Benefits will continue through _____. (However, if you are scheduled for a medical examination prior to this date, benefits may be suspended sooner, depending on the results of the examination.)

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the time of the above examination. The results of the examination are final and binding upon you, the Corporation, the Union and the Insurance Company. Generally, benefits are not payable after you have been found to be able to work. Accordingly, your claim has been referred to MetLife for review. You will be hearing from us in the near future.

☐ The Impartial Medical Examiner, named above, indicated you were found to be able to work at the time of the above examination. The results of the examination are final and binding upon you, the Corporation, the Union, and the Insurance Company. Generally, benefits are not payable after you have been found to be able to work. Accordingly, your claim has been referred to MetLife for review. You will be hearing from us in the near future. Meanwhile, you will receive a check for benefits through _____.

If you have any questions regarding your claim or this examination, contact the National Benefit Center.

**FOR REPRESENTED EMPLOYEES:**

----

### IMPARTIAL MEDICAL OPINION / METROPOLITAN MEDICAL EXAMINER'S PROGRAM

#### Authorization to Release Medical Examiner's Report

IF YOU DESIRE A COPY OF THE EXAMINATION REPORT TO BE RELEASED TO YOUR UNION, PLEASE SIGN AND DATE THE FOLLOWING RELEASE AND RETURN IT TO THE NATIONAL BENEFIT CENTER.

I acknowledge that the Impartial Medical Examiner's / Metropolitan Medical Examiner's report including all psychiatric and psychological information or tests and the opinion of the Impartial Medical Examiner / Metropolitan Examiner with whom I have been scheduled for an impartial medical examination or Metropolitan medical examination on (Date) _____, will be released to the Corporation, MetLife and their designated representatives.

I hereby consent to the release of the same material and opinion to my Union Benefits Representative.

Date: _____   Signature: _____   SS#: _____

PART E