```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY D. CUSACK,

                        Plaintiff,
                                                        DECISION AND ORDER
                                                        09-CV-6673L
            v.

DANIEL MALONEY,
et al.,

                        Defendants.
_____
```

Plaintiff, Larry D. Cusack ("Cusack"), had been employed by Delphi Corporation ("Delphi") in Rochester, New York until his employment was terminated on August 11, 2008. Cusack apparently disagreed with his termination, and has since sued every party with any conceivable involvement. In March 2009, Cusack commenced an action, *pro se,* against Delphi and its Personnel Director, alleging discrimination in employment in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101. Delphi moved to dismiss that complaint on a variety of grounds. That motion was granted, and this Court dismissed the compliant against Delphi on February 18, 2010. *Cusack v. Delphi Corp.*, 686 F. Supp. 2d 254 (W.D.N.Y. 2010).

The instant action, which revolves around the same set of facts, followed nine months later. Acting *pro se*, Cusack now alleges – albeit via a vague and cursory form complaint – that the United Automobile Workers of American Union and several of its employees (collectively, the "Union" or "defendants") subjected him to sexual harassment, and discriminated against him on account of race and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and in dereliction of the Union's legal duties to plaintiff. Defendants now move to

dismiss the complaint pursuant to Fed. R. Civ. Proc. 12©). For the reasons that follow, defendants' motion to dismiss (Dkt. #10) is granted, and the complaint is dismissed.

The Union contends, and I agree, that the complaint fails to allege sufficient facts to establish the facial plausibility of any of plaintiff's claims. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Here, plaintiff's allegations are wholly conclusory, and he alleges virtually no factual basis for any claim that he suffered sexual harassment, or discrimination based on his race or disability.

With respect to his initial claim of sexual harassment, Cusack makes no effort to state a claim beyond invoking the term "sex harassment." He does not set forth a single fact, or describe any incident, that refers to sexual harassment, let alone state sufficient facts to render such a claim plausible. His sexual harassment claim must be dismissed.

Similarly, plaintiff has failed to describe any circumstances that suggest that his union's acts or omissions were motivated by his race or alleged disability. His discrimination claims consist of nothing more than a list of the defendants and cursory descriptions of their alleged activities, no more detailed than, "failed to fill out grievance," "altered grievance", "failed to investigate," "violated union procedures [sic] policy." (Dkt. #1 at 3, 4). Plaintiff does not identify the grievance or investigation to which he refers, describe the defendants' roles or obligations within the Union, identify an adverse employment action, provide a factual basis for imputing liability to the Union for employment discrimination (when plaintiff was employed by Delphi), allege any illegal motive on the part of any defendant, or otherwise allege circumstances giving rise to an inference of discrimination. His complaint claiming discrimination, which merely recites cursory conclusions of law with virtually no operative facts to support them, fails to state a plausible claim and must be dismissed.

Plaintiff's so-called Title VII claims are also subject to dismissal on the alternate ground that they are time-barred. Such claims must be raised before the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. §2000e-5; *McCahill v. Schottenstein Corp.*, 2005 U.S. Dist. LEXIS 5782 at *3-*4 (W.D.N.Y. 2005). In this case, based upon a review of documents filed with the complaint, the gravamen of Cusack's discrimination claims appears to be his belief that someone – presumably a Union employee – altered an employment-related grievance he made in or before October 2006. That alleged action took place nearly two years before plaintiff's filing of his initial administrative charges of race and disability-based discrimination in August 2008, and therefore the instant claims related to it are untimely. Furthermore, Cusack never filed a complaint with the EEOC alleging any sexual harassment. The first time the issue of sexual harassment was raised appears to have been in the instant complaint, filed December 30, 2009, and therefore, plaintiff has failed to timely satisfy the jurisdictional prerequisite for his sexual harassment claim.

Furthermore, to the extent Cusack seeks to hold individuals liable for discrimination, it is well-settled that individuals generally are not personally liable for employment discrimination under Title VII. *See Patterson v. County of Oneida, New York,* 373 F.3d 206 (2d Cir. 2004); *Tomka v. Seiler*, 66 F.3d 1295, 1313 (2d Cir. 1995).

To the extent Cusack is attempting to allege a violation of the Union's duty of fair representation, that claim is time-barred. Such a claim must be pursued within six months of the act or acts alleged to constitute the breach. Here, it appears that the Union's final relevant act – the withdrawal of a grievance on November 12, 2008 – occurred more than a year before Cusack commenced this action on December 30, 2009. (Dkt. #1). Therefore, his claim relating to the duty of fair representation must be dismissed. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172 (1983).

Moreover, plaintiff failed to exhaust the remedies provided by the Union for challenging the union activities about which he now complains. The United Autoworkers Constitution, Article 33,

Section 1, grants members the right to administratively challenge actions by Union representatives. It also appears that members must fully exhaust internal appeals before proceeding to court. (Dkt. #10-4 at ¶¶4-9). Cusack does not allege that he availed himself of the UAW's appeal process in any way, and thus his breach of duty of fair representation claim is dismissed. Morever, even if plaintiff had exhausted his administrative remedies or if exhaustion were excused, he has nonetheless failed to set forth facts to establish the plausibility of his claim that the union violated its obligation to deal fairly with a member.

Defendants' motion to dismiss (Dkt. #10) is therefore granted, and the complaint is dismissed. Plaintiff's motions to amend the caption (Dkt. #6) and for miscellaneous relief (Dkt. #19) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 22, 2011.